## STAHELI v. ADAMS et al.

No. 3438.    Decided June 9, 1920.    (190 Pac. 781.)

1. BILLS AND NOTES—ON AWARDING ATTORNEY'S FEE IN ACTION ON NOTE, COURT SHOULD FIND WHAT CONSTITUTES REASONABLE FEE. In action on note providing for attorney's fees, the court, in order to support a judgment awarding fees, should make a finding designating what amount would constitute a reasonable fee in the particular case.

2. BILLS AND NOTES—PLAINTIFF SUING ON NOTE PROVIDING FOR ATTORNEY'S FEES SHOULD PLEAD AND PROVE WHAT IS REASONABLE FEE. In action on note providing for payment of attorney's fees, the desirable procedure is for plaintiff to plead the amount claimed to be a reasonable fee, and to offer proof in support thereof.

3. TRIAL—FINDING AS TO VALUE OF PROPERTY IN ABSENCE OF ANY ALLEGATION OR EVIDENCE AS TO VALUE HELD REVERSIBLE ERROR. In seller's action on buyer's note after seller had become repossessed of the property under contract providing that, if seller retakes possession of the property, the value thereof at time of repossession should be credited upon the note, court's finding as to the value of the property at the time that seller took possession held reversible error, where there was no allegation or evidence as to value of goods at such time.

4. Continuance—Plaintiff's Counsel and Court Justified in Relying on Notice Given Defendant's Counsel Prior to Withdrawal by Counsel in Accordance with Statutory Method. Where counsel who filed answer for defendants attempted to withdraw from the case before the day set for trial, but did not give the notice or have the minute entry made of his withdrawal as required by Comp. Laws 1917, Section 328, the court did not err in proceeding with the trial on the day for which it was set, in absence of the defendants and their attorneys, since the plaintiff's counsel and the court were justified in relying upon the notice given the attorney for the defendants until such time as he had withdrawn from the case as provided by the statute.

5. Sales—Complaint in Seller's Action on Buyer's Note Held Defective in Not Stating Amount Due Thereon. In seller's action on buyer's note after seller had retaken possession of the property under contract providing that in the event of seller repossessing himself of the property the value of property at such time should be credited on note, complaint, not alleging value of property at time of repossession by seller, *held* defective.

Appeal from District Court, Fifth District, Washington County; *Joshua Greenwood*, Judge.

Action by Frank Staheli against T. M. Adams and others. Judgment for plaintiff, and defendants appeal.

Remanded for new trial, with directions.

*O. A. Murdock*, of Beaver, for appellants.

*Chas. G. G. Higgins*, of St. George, and *Wm. Higgins*, of Fillmore, for respondent.

GIDEON, J.

The principal questions presented on this appeal are: (1) Does the complaint state a cause of action; (2) do the findings support the judgment; and (3) are the findings supported by the evidence?

The action was instituted to recover a money judgment upon a title-retaining note, given to the plaintiff by defendant in consideration of the sale of a threshing machine and a steam engine. The note or contract is set out in full in the complaint. It provides for the payment of $1,300 in three annual installments, payment to be made one-half in marketable wheat and one-half in oats, delivered at the market-price prevailing at the time of delivery. Among other things, it is provided that if the note be not paid at maturity the rate of interest should be increased, and upon failure to pay the first installment as provided in the note the holder of the same, at his option, could declare the entire amount of the note due without notice. It is also provided that upon failure to perform the conditions of the note the plaintiff could repossess the property, sell the same with or without notice, and apply the proceeds, less costs and expenses on the note, or might, without sale, indorse the value of the property so taken on the note and defendants undertook to pay any balance due after such indorsement. There is an indorsement on the back of the note, dated one year after its execution, in which it is stated that the signers had failed to make the first payment, that the owner had declared the entire amount due, had taken possession of the machinery described in the note, and had allowed the signers the sum of $400 as part payment on the same. The complaint further alleges that no part of the price mentioned in the note had been paid, except the sum of $400, by return of the machinery. In the prayer of the complaint plaintiff asked judgment for the balance due on the note, with interest, $100 attorney's fees, and costs.

To that complaint a general demurrer that it did not state facts sufficient to constitute a cause of action was interposed, also that it was uncertain and ambiguous. The demurrer was overruled. Subsequently an answer was filed in which the execution of the note is admitted, but it is alleged as an affirmative defense that at the date plaintiff repossessed the property an agreement was made between him and the defendants, whereby it was agreed that in con-

sideration of the return of the property plaintiff accepted it in full satisfaction of any amount due upon the note, and that he would cancel and deliver the note to defendants. Subsequently, trial was had at which defendants were not present either in person or by counsel.

The court, among other things, found that the plaintiff, with the consent of defendants, repossessed the property and indorsed on the note the sum of $400, but also found that he should have indorsed thereon the sum of $600. An additional finding was made that the wear and tear on the property during the time defendants had possession of it amounted to the sum of $500. There was also a finding respecting some expense incurred by plaintiff in repairing the property after repossessing it. As conclusions of law, plaintiff was found to be entitled to judgment against the defendants for the sum of $700, $200 interest, and $100 attorneys fee.

The errors assigned relate to the order overruling the demurrer; that there is no evidence in the record to support the court's findings as to the amount to be credited on the note; that there is neither allegations in the complaint as to what would constitute a reasonable attorney's fee nor finding or testimony in the record to support the judgment granting plaintiff $100 attorney's fee. The only reference to attorney's fees in the complaint is that contained in the body of the note which is copied in full in the complaint. There was no testimony, offered or received as to what would constitute a reasonable attorney's fee, neither is there any finding by the court as to what amount would be a reasonable fee. We do not determine, neither do we wish to be understood as holding, that a complaint such as we have here would not support a judgment for reasonable attorney's fees, nor that the court could not from its own knowledge or information make a finding upon that subject without testimony, under certain circumstances. We do hold, however, that in order to support a judgment the court should make a finding designating what amount would constitute a reasonable fee in the particular case. The more

desirable procedure would be to make an allegation in the complaint as to the amount claimed to be a reasonable fee, and to offer proof in support of that.

There is no allegation in the complaint as to the value of the property on the date it was retaken, and for aught that may appear therein, or in the court's findings, the value may have been the same the date the property was repossessed as it was at the time when it was sold.

In the defendants' answer, in addition to the allegations that an agreement was made at the time the property was repossessed that the debt should be canceled, there are other allegations that the defendants repaired the property, spent considerable money on such repairs, and that the reasonable value of the property at the time it was repossessed was greater than when sold by plaintiff to defendants. There was some testimony concerning the cost incurred in recovering the property, also the cost of repairing it, and the wear and tear of the property during the time it was in the possession of defendants. The testimony relating to the repairs and to depreciation by use might have been material as assisting the court in arriving at the value of the property at the date of its return, but it was not otherwise material. Under the contract, defendant was entitled to have credited upon the note the value of the property when repossessed. There is a total absence in the record of any testimony bearing directly on that point. It must be concluded, therefore, that that finding is not supported by the testimony, and that defendants were prejudiced thereby.

Some complaint is made that the court should not have proceeded with the trial in the absence of the defendants or their attorney. It appears that counsel who filed the answer for defendants had attempted to withdraw from the case before the day set for trial, but did not give the notice or have the minute entry made of his withdrawal, as required by Comp. Laws Utah 1917, section 328. We are of the opinion that plaintiff's counsel and the court were justified in relying upon the notice given the attorney

for defendants until such time as he had withdrawn from the case as provided by the statute.

The complaint, in our opinion, is defective. The 'findings do not seem to be supported in toto by the testimony; neither do the findings support the judgment.

The plaintiff, upon failure of defendants to make the inital payment, was within his rights in repossessing the property. It was his duty, however, to credit the value of the property upon the note if he exercised the option of so doing without sale. The important question, therefore, for the court to determine, if it found that the contract of accord and satisfaction was not made at the time of redelivery of the property, was to determine the value of the property at the date it was retaken.

The entire record is unsatisfactory, and indicates that the defendants, through no fault of plaintiff's counsel or the court, have not had their day in court. The plaintiff cannot be prejudiced in any way by a re-examination of the issues and a trial upon the merits when both parties are represented in court, if they desire to be represented. The district court, from its remarks in overruling the motion for a new trial, evidently felt that the defendants had not had their contention presented, but as the case had been heard and determined by his predecessor he did not feel justified in ordering a new trial.

The cause is therefore remanded to the district court, with directions to grant a new trial, plaintiff to be permitted to amend the complaint, if he so elects, in accordance with the views herein expressed. Neither party to recover costs on this appeal.

CORFMAN, C. J., and FRICK, WEBER, and THURMAN, JJ., concur.